UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KALED HAMDAN (#374052)

VERSUS                                               CIVIL ACTION

BURL CAIN, ET AL                                     NUMBER 14-406-SDD-SCR

## RULING ON MOTION FOR RECONSIDERATION

Before the court is the plaintiff's Motion for Leave for Reconsideration of Appointment of Counsel. Record document number 22.

On September 10, 2014, the plaintiff filed a Motion for Appointment of Counsel[1] which was denied.[2] Plaintiff sought reconsideration of the order denying his motion for appointment of counsel on grounds that there are no certified paralegals at his current institution, he is taking several medications which are affecting his mind and body, he scored below average on a basic education test, he is permitted only one hour per day in the prison law library, he is being charged for copies, and his law suit is causing resentment among prison personnel.

Plaintiff is currently confined at Tensas Detention Center, Waterproof, Louisiana. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Penitentiary (hereafter

---

[1] Record document number 14.

[2] Record document number 17.

"LSP") Warden Burl Cain, Maj. Bradley, Msgt. C. Hillburn, Msgt. Johnson, Msgt. C. Boudreaux, Mrs. Cora, EMT Diaz, Lt. Col. B. Baker, EMT Cunningham, Msgt. Cunningham, Msgt. B. Meredith, Capt. Smith and an unidentified doctor. Plaintiff alleged that the defendants retaliated against him, verbally abused him, physically attacked him, issued him false disciplinary reports, subjected him to unconstitutional conditions of confinement, denied him mental health and medical treatment and destroyed his personal property.

Plaintiff's complaint is not legally complex. The ruling on his previous motion for appointment of counsel described his claims and applicable law. Plaintiff appears capable of adequately investigating his case. He filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incidents. Since he filed the his previous motion for appointment of counsel, the plaintiff has filed at 28 other motions. The assertion that the plaintiff is not able to adequately represent himself due to limitations on his access to legal materials or due to his alleged heath problems is refuted by his numerous motions fled over the last two months.

Appointment of counsel would likely be of some benefit to the plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that

appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's Motion for Leave for Reconsideration of Appointment of Counsel is denied.

Baton Rouge, Louisiana, November 24, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE