UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KALED HAMDAN (#374052)

VERSUS                                    CIVIL ACTION

BURL CAIN, ET AL                          NUMBER 14-406-SDD-SCR


**SECOND RULINGS ON MOTIONS**
and
**CORRECTION TO RULINGS ON MOTIONS**[1]

As noted in the Rulings on Motions issued January 8, 2015, since the plaintiff filed his Complaint on July 1, 2014, he has filed at least 35 motions (some asking for multiple forms of relief). The Rulings on Motions addressed motions for leave to amend the complaint, motions related to the initial Scheduling Order,[2] and a motion for leave to file an affidavit. As stated in the Rulings on Motions, separate rulings will be issued on the plaintiff's motions related to discovery. Those motion are addressed herein. Also addressed herein are several other motions not related to discovery.

Also as noted in the Rulings on Motions, all of the defendants named in the Complaint have not been served. **Four** of the defendants who were served, namely Warden Burl Cain, Msgt. Cecil

---

[1] The correction, in the second paragraph of this ruling, is that four defendants who were served are parties to the defendants' Motion to Dismiss, including Michelle Diaz.

[2] Record document number 10.

Hilburn, Msgt. Charles Boudreaux **and Michelle Diaz** filed a Motion to Dismiss on the grounds that the court does not have subject matter jurisdiction over some or the plaintiff's claims, and for other claims he failed to state a claim upon which relief can be granted.[3]  Plaintiff file an opposition to that motion, styled as a Motion for Leave to Deny Motion to Dismiss for Failure to State a Claim With the Supporting Memorandum [Rec. Doc 39] Filed on Behalf of the Defendants by Assistant Att. General Mr. Bailey A. Adams.[4]

By way of background, the plaintiff is currently confined at Tensas Detention Center, Waterproof, Louisiana.  Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Penitentiary (hereafter "LSP") Warden Burl Cain, Maj. Bradley, Msgt. C. Hillburn, Msgt. Johnson, Msgt. C. Boudreaux, Mrs. Cora, EMT Diaz, Lt. Col. B. Baker, EMT Cunningham, Msgt. Cunningham, Msgt. B. Meredith, Capt. Smith and an unidentified Dr. John Doe, the LSP Medical Director.  Plaintiff alleged that the defendants retaliated against him, verbally abused him, physically attacked him, issued him false disciplinary reports, subjected him to unconstitutional conditions of confinement, denied him mental health and medical treatment and destroyed his personal property.

_____

[3] Record document number 39.  Another defendant who was served, namely Unknown (Captain Mr.) Smith (see record document number 19), is not a party to the Motion to Dismiss.

[4] Record document number 57.

Plaintiff was granted leave to amend his complaint to add additional defendants and to clarify the capacity in which the defendants are sued.[5]

The following motions are addressed herein.

**Motion to Submit a List of L.S.P. Angola Inmates and L.S.P. Angola Corrections Officers and L.S.P. Angola Staff Personnel; All as Witnesses for the Plaintiff**. Record document number 23.

In this motion the plaintiff identified 102 inmates and 80 prison officers or employees as witnesses. Plaintiff sought no particular relief in the motion.

This motion is more like a Rule 26(a)(1)(A)(i), Fed.R.Civ.P., disclosure. However, the disclosure does not comply with the rule because the disclosure does not state the subjects of each person's information that the plaintiff may use to support his claims. Given the breath of the plaintiff's claims, the plaintiff's motion is practically useless as a Rule 26(a)(1) disclosure.

This motion is denied without prejudice.

**Motion to Request From the Defendants (Burl Cain, et al): L.S.P. Angola Protocols and Procedures, According to Itemized**

---

[5] Record document number 65, Rulings on Motions, granting Motion to Add Additional Defendants to the Original Complaint No. 14-406-SDD-SCR, record document number 16, and Motion for Leave to Serve Summons in a Civil Action on to Some of the Other Defendants and Add Additional Defendants in Civil Action 14-406-SDD-SCR, record document number 58, thereby joining as defendants Classification Officer Francis Abbott, Asst. Warden Tim Delaney and Msgt. Bryon Brumfield.

**Manner Stated Within This Motion.** Record document number 24.

In this motion the plaintiff seeks discovery in the form of (1) written guidelines for fire drills, the dates and times of fire drills from October 10, 2012 to April 10 ,2014, and the documents showing who authorized these drills; (2) all guidelines and procedures pertaining to inmates requesting to be seen by a mental health or social worker for the same time period; (3) all safety regulations and guidelines pertaining to inmates working in the fields ("gunline") and shelling pecans, including dress code guidelines for inmates; (4) all protocols and guidelines for reporting sexual misconduct to L.S.P. staff; (5) all protocols and guidelines for visiting the law library and inmate counsel substitutes; (6) all guidelines and protocols regarding disciplinary action against inmates; (7) all protocols and guidelines regarding inmates' rights at disciplinary hearings; (8) all guidelines and protocols for investigations and disciplinary hearings involving of L.S.P. staff; and (9) all guidelines and protocols pertaining to washing down ands general inspections of Camp C dorms.

Defendants Warden Cain, Hilburn, Boudreaux and Diaz were served on September 29, 2014[6] and first appeared through counsel on

---

[6] Record document number 19. Defendant Unknown Smith was also served.

October 23, 2014.[7]  This motion was filed on October 20, 2014, before any defendant had made an appearance through counsel.  There is no indication in the record that plaintiff served this discovery request on any defendant, as required by Rule 5(a)(1)(C), Fed.R.Civ.P., in a manner authorized by rule 5(b).  This is not a discovery request to which any defendant is required to file a response.

Additionally, the information sought is far beyond the scope of any discovery that would be reasonable for this case.

This motion is denied.

**Motion for Leave to Request From Defendants (Burl Cain, et al) a List of Witnesses for the Plaintiff.**  Record document number 25.

In this motion the plaintiff sought a list of all former and current (1) L.S.P. personnel employed at Camp C from October 10, 2012 to April 10, 2014, along with their work schedules and photographs of them; (2) inmates house at Camp C, specifically including those transferred to the Main Prison compound, for the same time period; (3) members of the L.S.P. medical personnel who treated, transported, x-rayed, prescribed medication and signed the plaintiff's medical request forms for the same time period; (4) L.S.P. field line ("gunline") personnel assigned to Camp C, including their photographs and work schedules, for the same time

_____

[7] Record document number 28.

period; (5) L.S.P. personnel who managed or repaired medical equipment and power generators for the same time period; (6) inmate trustees who repaired or maintained medical and electrical equipment and power generators at the Main Prison compound for the same time period; and (7) independent contractors who repaired or maintained or programmed medical equipment and power generators at the L.S.P. medical treatment center for the same time period. Plaintiff asserted that these persons may be called as witnesses for him.

This motion was filed also on October 20, 2014, before any defendant had made an appearance through counsel. There is no indication in the record that plaintiff served this discovery request on any defendant, as required by Rule 5(a)(1)(C), Fed.R.Civ.P., in a manner authorized by rule 5(b). This is not a discovery request to which any defendant is required to file a response.

Additionally, the information sought is far beyond the scope of any discovery that would be reasonable for this case.

This motion is denied.

**Motion for Leave to Request From the Defendants (Burl Cain, et al) a Bill of Particulars Outlined Within This Motion Number One (#1).** Record document number 26.

In this motion the plaintiff seeks production of all records from all (1) Administrative Remedy Procedure (ARP") proceedings, and (2) disciplinary proceedings for all L.S.P. staff personnel

named in the motion. Although the motion referred to the time period from January 1, 1990 to April 1, 2014, it specifically stated that if is not limited to this time period. Plaintiff listed 72 persons in the motion.

This motion was also filed on October 20, 2014, before any defendant had made an appearance through counsel. There is no indication in the record that plaintiff served this discovery request on any defendant, as required by Rule 5(a)(1)(C), Fed.R.Civ.P., in a manner authorized by rule 5(b). This is not a discovery request to which any defendant is required to file a response.

Additionally, the information sought is far beyond the scope of any discovery that would be reasonable for this case.

This motion is denied.

**Motion for Leave to Request From the Defendants (Burl Cain, et al) a Bill of Particulars Outlined Within This Motion Number Two (#2).** Record document number 27.

This motion seeks 14 categories of documents ranging from copies of ARPs disciplinary rule violation appeals filed by the plaintiff and other inmates, to call-outs for medical treatment at Camp C.

This motion was also filed on October 20, 2014, before any defendant had made an appearance through counsel. There is no indication in the record that plaintiff served this discovery request on any defendant, as required by Rule 5(a)(1)(C),

Fed.R.Civ.P., in a manner authorized by rule 5(b). This is not a discovery request to which any defendant is required to file a response.

Additionally, the information sought is far beyond the scope of any discovery that would be reasonable for this case.

This motion is denied.

**Motion for Leave to Request From the Defendants Burl Cain, et al, Full Names of All Defendants**. Record document number 30.

In this motion the plaintiff complained that the U.S. Marshal took 19 days to send him notice of service of process. Plaintiff was also apparently dissatisfied with the explanation provided him by the U.S. Marshal for the refusal by the Department of Corrections to accept service for some defendants. Plaintiff alleged that there is "something fishy going on with that."

Despite the title of the motion, the plaintiff's did not seek any particular relief from the court.

This motion is denied.

**Motion for Leave to Submit Particle Discovery (sic).** Record document number 35.

In this "motion" the plaintiff seeks various documents related to health care, annual classification reviews, disciplinary reports and ARPs.

This "motion" is actually a request for production of documents. While the "motion" does not have a certificate of

service, it would have been served electronically by the clerk of court on the defendants who appeared through counsel on October 23, 2014, namely defendants Warden Cain, Hilburn, Boudreaux and Diaz.[8] There is no indication in the record that any of these defendant filed any response to these document requests or sought an extension of time to do so.

This "motion" is denied as such and shall be treated as a Rule 34, request for production of documents.

**Motion for Leave to Request From State of Louisiana Department of Public Safety and Corrections a List of Full Names of Staff Personnel at Franklin Parish Detention Centre (sic).** Record document number 37.

In this motion the plaintiff seeks the names of persons working at the Franklin Parish Detention Center ("FPDC"). The apparent purpose of the motion is to obtain information to use in a civil action against those persons. Plaintiff referred to his then-pending Motion for Leave for Injunctive Prohibition of Retaliation Against Pro Se Plaintiff Kaled Handan.[9] That motion was denied.[10] Plaintiff sought reconsideration of the ruling denying the injunction motion, and reconsideration was also

---

[8] Record document number 28.

[9] Record document number 31.

[10] Record document number 54.

denied.[11]

Plaintiff also filed a Motion for Leave to Amend Civil Action No. 14-406-SDD-SCR to join as a defendant Franklin Parish Detention Center ("FPDC") Warden Lee and allege against him a claim based on unspecified "identical" incidents. In the Ruling on Motions, that motion was denied also.[12]

Plaintiff will not be allowed to bring his claims based on events occurring at the FPDC in this case. Therefore, this motion is denied.

> **Motion for Leave to Modify - Motion to Request a List of Former and Current Empolyesses of Staff Personnel at L.S.P., Angola, and List of Former and Current Inmates That Was Housed and Currenting Housed at L.S.P., Angola, Including But Not Limited to L.S.P., Angola's Medical Doctors, Nurse Practitoners, EMT Techs, Medical Team, Field Line (gun-line) Staff Personnel, Equipment Repair Staff Personnel, Equipment Repair Inmate Trustes and Independent Contractors That Had/Has Contract(s) at L.S.P., Angola Is Requesting Them as Witnesses.** (Sic) Record document number 38.

This "motion" seeks the same information and documents as several of the "motions" the plaintiff filed on October 20, 2014, (namely record document numbers 24, 25, 26 and 27) by reference to them (albeit not explicitly). Those "motions" were actually discovery requests, as to which a motion was not required. Discoverable information and documents may be obtained by a party from another party by serving (and for this case, also filing in

---

[11] Record document number 61.

[12] Record document number 65, pp. 6 - 7.

10

the record) interrogatories and requests for production of documents as provided by Rules 33 and 34, Fed.R.Civ.P.

This motion is denied, without prejudice to the plaintiff serving the defendants with written interrogatories and requests for production of documents pursuant to Rules 33 and 34.

In addition to the "motion" addressed immediately above, the plaintiff file a series of other "motions" on November 6, 2014 (hereafter, "November 6 motions"). These November 6 motions are found at record document numbers 40, 41, 42, 44 and 45. The November 6 motions essentially seek the same documents the plaintiff previously sought in one or more earlier "motions." One of the five November 6 motions are addressed herein as it is representative of the group.

**Motion for Leave to Submit Particle Discovery. (Sic)** Record document number 40.

With one exception, this motion seeks production of the same documents as the plaintiff sought in his **Motion for Leave to Submit Particle Discovery (sic)** filed on November 3, 2014.[13] The exception is the plaintiff's pro se sworn affidavit (Exhibit D-4) sought in the earlier Motion for Leave to Submit Particle Discovery. The motion lists the specific documents sought (as Exhibits B-2, C-3 and E-5).

This motion is functionally a request for production of

---

[13] Record document number 35.

documents pursuant to Rule 34, Fed.R.Civ.P., and sufficiently complies with the requirements of the rule. There is no indication in the record that any defendant responded to this "motion" by filing objections or producing the requested documents. Nonetheless, because this is not a motion, it is denied as such, and will be treated as a Rule 34 request for production of documents. This denial is without prejudice to the plaintiff's Motion for Leave to Request the Honorable Court to Compel the Defendants to Respone and/or Answer Plaintiff's Motions and Requests (sic) filed on November 21, 2014,[14] which is addressed in this ruling below.

The other November 6 motions are these:

**Motion to Request From the Defendants (Burl Cain, et al): L.S.P. Angola, Protocols and Procedures, According to the Itemized Manner Stated Within This Motion.** Record document number 41.

**Motion to Request a List of Former and Current Employee(s) of Staff Personnel at L.S.P. Angla and a List of Former and Current Inmates That Was Housed and Current Housed at L.S.P. Angola Including But Limited to L.S.P. Angola Medical Doctors, Nurse Practitioners, Emt. Techs, Medical Team, Field Line (GunLine) Staff Personnel, Equipment Repari, Staff Personnel, Equipment Repair Inmate Trustees and Independent Contractors That Had/Has Contract(s)at L.S.P. Angola, Any and/or All Stated Above Plaintiff Is Requesting Them as Witnesses According to the Itemized Manner Stated Within This Motion.** Record document number 42.

**Motion to Request From the Defendant (Burl Cain, et al) Certified Copies of the Entire Administrative Proceedings and**

**Disciplinary Records of Any an All L.S.P. Angola Staff Personnel Including But Not Limited to L.S.P. Angola Inmates A.R.P.'s Submitted Against L.S.P. Angola Staff Personnel from Jan. 1, 1960 Through Jan. 1, 2014. According to the Staff Peraonnel Rank and Names Outlined Within This Motion.** (Sic) Record document number 44.

**Motion to Request From Defendants (Burl Cain, et al) Certified Copies of the Entire Record of the Administrative Proceedings, Disciplinary Reports, Disciplinary Appeals, and Any and All Letters and Complaints Plaintiff Wrote to L.S.P., Angola Administration and Any and All Investigation Reports and Briefing Reports Pertaining to the Plaintiff Including But Not Limited to Civil Action No.14-406-SDD-SCR. According to the Itemized Manner Stated Within the Motion.** Record document number 45.

These November 6 motions also sufficiently comply with Rules 33 and 34 to constitute interrogatories and requests for production of documents. There is no indication in the record that any defendant responded to any of these November 6 motions by filing objections or answers or by producing the requested documents. Nonetheless, because they are not motions, they are denied a such, without prejudice to the plaintiff's Motion for Leave to Request the Honorable Court to Compel the Defendants to Respone and/or Answer Plaintiff's Motions and Requests (sic) filed on November 21, 2014,[15] which is addressed in this ruling below.

**Motion for Leave to Submit a Sworn Affidavit of Pro Se Plaintiff Kaled Hamdan**. Record document number 46.

Plaintiff again seeks leave to file what purports to be a declaration under penalty of perjury as to his claims against

---

[15] Record document number 49.

defendants Msgt. Boudreaux, Msgt. Johnson, Msgt. Hilburn and Msgt. Meredith and "Lt. Col. B. Booker."[16]

There is still no apparent reason for filing this declaration into the record at this time. It is not relevant to the defendants' pending Motion to Dismiss, which is based solely on the allegations in the original Complaint. Defendants Msgt. Johnson, Msgt. Meredith and "Lt. Col. B. Booker" (now identified as Lt. Col. Barrett Boeker) at have not yet been served with the Complaint. The motion is not styled at a motion for leave to amend the Complaint, and it is clear that the plaintiff knows how to file a motion for leave to amend the Complaint. Should the any of these defendants file a summary judgment motion, then such a declaration may become relevant. Similarly, should the court determine that the plaintiff's original Complaint is deficient as to these defendants, he may be granted leave to amend his complaint to allege additional facts against them.

This motion is denied without prejudice.

**Motion to Submit a List of L.S.P., Angola Inmates and L.S.P. Angola Corrections Officers and L.S.P., Angola Staff Personnel All as Witnesses for the Pro Se Plaintiff.** Record document

---

[16] The clerk of court docketed the Complaint as identifying "Lt. Col. Mr. B. Baker" as a defendant and a summons was issued to him. Service for him was returned unexecuted. Record document number 18. Plaintiff subsequently identified this defendant as Lt. Col. Barrett Boeker in his Motion for Leave to Serve Summons in a Civil Action on to Some of the Other Defendants and Add Additional Defendants in Civil Action 14-406-SDD-SCR. Record document number 58. That motion is addressed below.

number 47.

This is virtually the same motion as the Motion to Submit a List of L.S.P. Angola Inmates and L.S.P. Angola Corrections Officers and L.S.P. Angola Staff Personnel; All as Witnesses for the Plaintiff, filed on October 20, 2014.[17]

For the same reasons that motion is denied, this motion is also denied.

**Motion for Leave to Request the Honorable Court to Compel the Defendants to Reponse and/or Answer Plaintiff's Motions and Requests.** Record document number 49.

Defendants Warden Cain, Hilburn, Boudreaux and Diaz filed an opposition to this motion.[18]

Plaintiff essentially sought to compel the defendants to respond to his discovery requests. Defendants argued that the plaintiff failed to served them with his discovery requests and that his motion is premature.

As to the first argument, the defendants asserted that they were not served with the plaintiff's discovery requests by mail or otherwise. However, the clerk of court's records show that electronic notice of the November 6 motions (which are actually requests for production of documents) was sent to counsel of record

---

[17] Record document number 23.

[18] Record document number 51. Plaintiff moved for leave to file a reply. Record document number 55. That motion is granted herein. Plaintiff's motion will be considered as his reply.

for the defendants the same day they were filed. Defendants no-service argument is unpersuasive.

As to the second argument, it has merit. Plaintiff failed allege or show that he complied with Rule 37(a), Fed.R.Civ.P., by making a good faith effort to obtain the documents without court action. Plaintiff's assertion that he cannot be held responsible for knowing the requirements of the Federal Rules of Civil Procedure has no basis in the rules or case law. Plaintiff asserted that he sent letters and complaints to William L. Kline, the general counsel for the Louisiana Department of Public Safety and Corrections. Kline is not an attorney representing any of the defendants. The Motion for Extension of Time to File Responsive Pleadings on Behalf of Defendants (Warden Cain, Hilburn, Boudreaux and Diaz) identified their attorney, who is not Kline, almost a month before the plaintiff filed his motion to compel. While contacting Kline was understandable, it was not sufficient to comply with Rule 37 in this case.

This motion is denied.


**Motion for Leave to Disregard Motion to Request From State of LA. Department of Public Safety and Corrections a List of Full Names of Staff Personnel at Franklin Parish Detention Center.** Record document number 53.

Plaintiff moved to withdraw his motion for leave to amend pertaining to a claim against FPDC Warden Chad Lee and his motion

seeking the identify of the FPDC employees.[19]

The first of the two referenced motions was denied without prejudice in the Rulings on Motions;[20] the second is denied herein.

This motion is denied as moot.

**Motion for Leave in Opposition to Defendant's Memorandum in Opposition to Plaintiff's Motion to compel discovery.** Record document number 55.

This motion seeks leave to file a reply to the defendants' opposition to the plaintiff's motion to compel discovery.[21] Plaintiff did not file a separate reply memorandum. Rather, he replied to the defendants' opposition memorandum in the motion itself.

This motion is granted. Plaintiff's motion will be considered as his reply memorandum.

**Motion for Leave for This Honorable Court to Compel This Honorable Court's Clerk of Court Ms./Mrs. Linda Her Full Name.** Record document number 60.

Defendants (Warden Cain, Hilburn, Boudreaux and Diaz) filed an opposition to this motion.[22]

Plaintiff sought the full name of a deputy clerk of this court, arguing that pursuant to federal and state law her name is

---

[19] Record document numbers 33 and 37.

[20] Record document number 65, p. 6 - 7.

[21] Record document number 49.

[22] Record document number 62.

public information and she is a potential witness. Defendants essentially argued that the motion does not seek information that is discoverable and which they have, nor did the plaintiff comply with Rule 37(a), LSA-R.S. 44:1 and 5 U.S.C. § 552.

The clerk's name is not relevant to any issue in this case, nor is the information sought reasonably likely to lead to the discovery of admissible evidence.

This motion is denied.

**Motion for Leave to State Reality With Exhibits in Order to Compel (T.D.C.) Facility to Transport Plaintiff to This Honorable Court Wherefore to Enable Plaintiff to Present His Oral Argument.** Record document number 64.

Plaintiff alleged in this motion that the defendants have not been truthful in their Motion to Dismiss, in Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Discovery, and in their Motion to Reset Scheduling Order if the Defendants' Motion to Dismiss is Denied. Plaintiff requested that the Tensas Detention Center be ordered to transport him to the courthouse so he can present oral argument.

There is no need for oral argument on the only motion that will still be pending after the rulings made herein, namely the defendant's Motion to Dismiss.

This motion is denied.

Accordingly, for the reasons stated above, the motions

addressed herein are decided as follows:

**Motion to Submit a List of L.S.P. Angola Inmates and L.S.P. Angola Corrections Officers and L.S.P. Angola Staff Personnel; All as Witnesses for the Plaintiff** (record document number 23) is denied without prejudice.

**Motion to Request From the Defendants (Burl Cain, et al): L.S.P. Angola Protocols and Procedures, According to Itemized Manner Stated Within This Motion (**record document number 24) is denied.

**Motion for Leave to Request From Defendants (Burl Cain, et al) a List of Witnesses for the Plaintiff** (record document number 25) is denied.

**Motion for Leave to Request From the Defendants (Burl Cain, et al) a Bill of Particulars Outlined Within This Motion Number One (#1)** (record document number 26) is denied.

**Motion for Leave to Request From the Defendants (Burl Cain, et al) a Bill of Particulars Outlined Within This Motion Number Two (#2)** (record document number 27) is denied.

**Motion for Leave to Request From the Defendants Burl Cain, et al, Full Names of All Defendants** (record document number 30) is denied.

**Motion for Leave to Submit Particle Discovery** (sic) (record document number 35). This "motion" is denied as such, and shall be

treated as a Rule 34, request for production of documents.

**Motion for Leave to Request From State of Louisiana Department of Public Safety and Corrections a List of Full Names of Staff Personnel at Franklin Parish Detention Centre** (sic) (record document number 37) is denied.

**Motion for Leave to Modify - Motion to Request a List of Former and Current Empolyesses of Staff Personnel at L.S.P., Angola, and List of Former and Current Inmates That Was Housed and Currenting Housed at L.S.P., Angola, Including But Not Limited to L.S.P., Angola's Medical Doctors, Nurse Practitoners, EMT Techs, Medical Team, Field Line (gun-line) Staff Personnel, Equipment Repair Staff Personnel, Equipment Repair Inmate Trustes and Independent Contractors That Had/Has Contract(s) at L.S.P., Angola Is Requesting Them as Witnesses** (sic) (record document number 38) is denied.

The November 6 motions:

**Motion for Leave to Submit Particle Discovery** (sic) (record document number 40);

**Motion to Request From the Defendants (Burl Cain, et al): L.S.P. Angola, Protocols and Procedures, According to the Itemized Manner Stated Within This Motion** (record document number 41);

**Motion to Request a List of Former and Current Employee(s) of Staff Personnel at L.S.P. Angla and a List of Former and Current**

Inmates That Was Housed and Current Housed at L.S.P. Angola Including But Limited to L.S.P. Angola Medical Doctors, Nurse Practitioners, Emt. Techs, Medical Team, Field Line (GunLine) Staff Personnel, Equipment Repari, Staff Personnel, Equipment Repair Inmate Trustees and Independent Contractors That Had/Has Contract(s)at L.S.P. Angola, Any and/or All Stated Above Plaintiff Is Requesting Them as Witnesses According to the Itemized Manner Stated Within This Motion (record document number 42);

Motion to Request From the Defendant (Burl Cain, et al) Certified Copies of the Entire Administrative Proceedings and Disciplinary Records of Any an All L.S.P. Angola Staff Personnel Including But Not Limited to L.S.P. Angola Inmates A.R.P.'s Submitted Against L.S.P. Angola Staff Personnel from Jan. 1, 1960 Through Jan. 1, 2014. According to the Staff Personnel Rank and Names Outlined Within This Motion (sic) (record document number 44); and,

Motion to Request From Defendants (Burl Cain, et al) Certified Copies of the Entire Record of the Administrative Proceedings, Disciplinary Reports, Disciplinary Appeals, and Any and All Letters and Complaints Plaintiff Wrote to L.S.P., Angola Administration and Any and All Investigation Reports and Briefing Reports Pertaining to the Plaintiff Including But Not Limited to Civil Action No.14-406-SDD-SCR. According to the Itemized Manner Stated Within the

**Motion** (record document number 45);

are not motions, they are denied as such, and will be treated as a Rule 33 interrogatories and Rule 34 requests for production of documents.

**Motion for Leave to Submit a Sworn Affidavit of Pro Se Plaintiff Kaled Hamdan** (record document number 46) is denied without prejudice.

**Motion to Submit a List of L.S.P., Angola Inmates and L.S.P. Angola Corrections Officers and L.S.P., Angola Staff Personnel All as Witnesses for the Pro Se Plaintiff** (record document number 47) is denied.

**Motion for Leave to Request the Honorable Court to Compel the Defendants to Reponse and/or Answer Plaintiff's Motions and Requests** (sic) (record document number 49) is denied.

**Motion for Leave to Disregard Motion to Request From State of LA. Department of Public Safety and Corrections a List of Full Names of Staff Personnel at Franklin Parish Detention Center** (record document number 53) is denied as moot.

**Motion for Leave in Opposition to Defendant's Memorandum in Opposition to Plaintiff's Motion to compel discovery** (record document number 55) is granted.

**Motion for Leave for This Honorable Court to Compel This Honorable Court's Clerk of Court Ms./Mrs. Linda Her Full Name**

(record document number 60) is denied.

**Motion for Leave to State Reality With Exhibits in Order to Compel (T.D.C.) Facility to Transport Plaintiff to This Honorable Court Wherefore to Enable Plaintiff to Present His Oral Argument** (record document number 64) is denied.

Baton Rouge, Louisiana, January 12, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE